LILLA M. DEVINE, Appellant, *v.* EDWARD B. KURTZ, Respondent.

First Department, March 15, 1918.

**Principal and agent — evidence of agency — trial — dismissal of complaint — findings — appeal — reversal of judgment dismissing complaint — new trial.**

In a suit to procure the rescission of a contract for the purchase of corporate stock and bonds upon the ground that the purchase had been induced by certain false and fraudulent representations made by defendant's alleged agent, evidence *held* sufficient to establish the agency and to make out a *prima facie* case, and, therefore, it was error to strike out material testimony as to the conversations between plaintiff and the alleged agent and to dismiss the complaint.

It was error in any event for the trial court to make findings of fact and conclusions of law as all that it was warranted in doing was to dismiss the complaint.

The defendant not having rested at the trial before moving to dismiss the complaint was not foreclosed by the granting of the motion from introducing proof in case the dismissal was reversed, and is entitled to a new trial.

APPEAL by the plaintiff, Lilla M. Devine, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of June, 1917, dismissing the complaint upon the decision of the court after a trial at the New York Special Term.

*Roger Foster* of counsel [*Willard S. Allen* with him on the brief], for the appellant.

*J. Ard Haughwout* of counsel [*Esselstyn & Haughwout,* attorneys], for the respondent.

DOWLING, J.:

Plaintiff brings this action to procure the rescission of a contract whereby she purchased, for the sum of $3,960, forty shares of common stock and four bonds of the New Jersey Steel Company, belonging to defendant. The ground for rescission is that the purchase was induced by certain false and

fraudulent representations made by George W. Meacham, the alleged agent of defendant. While many of the misrepresentations are mere expressions of opinion, or statements of facts easily susceptible of investigation, there was one representation shown to have been made which would furnish a basis for rescission. Meacham stated to plaintiff, in order to induce her to purchase the stock in question (which belonged to defendant, though plaintiff was not so informed), that " the New Jersey Steel Company had earned and paid its interest charges on its bonds and also the preferred stock dividends from the earnings of the company during 1907, and subsequently, and he spoke about the panic of 1907, and that they had paid during that time." This representation was false, for in fact, as was conceded upon the trial, the interest on the bonds and the dividends upon the preferred stock were paid, not out of the earnings of the New Jersey Steel Company, but from advances made to it by the American Finance and Securities Company. None of the representations in question was made by Meacham to plaintiff in the presence of defendant, and at the close of the plaintiff's case the trial court struck out all of the testimony as to the conversations between plaintiff and Meacham, on the ground that there was no proof of agency as between Meacham and defendant. In this we think the learned trial court was in error. While there was no direct proof of such agency, the testimony was such that an inference of Meacham's agency for defendant was fairly deducible therefrom, and plaintiff had made out a *prima facie* case calling on defendant to produce proof to meet it. The record shows that Meacham was " executive special " for the American Finance and Securities Company, whereof defendant was one of the vice-presidents and directors. This was the company which advanced the moneys to enable the steel company to meet the interest on its bonds and the dividends on its preferred stock. It had a suite of offices, and Meacham had a room across the hall from defendant's private office. After Meacham had by his representations prepared plaintiff for the sale of her valuable securities in order to invest in the enterprises he was representing, he introduced her to defendant, who discussed the purchase by her of various securities such as El Tiro copper

bonds, Guana Juato mining bonds (which Meacham had advised her to buy) and a lumber company's flotation; finally defendant recommended that plaintiff should buy bonds of the American Finance and Securities Company, which was the parent company. Plaintiff did in fact buy from Meacham some of the securities recommended by defendant, immediately after this interview with him. About a week afterwards Meacham again brought plaintiff to defendant's office, telling the latter that plaintiff had come down to invest in El Tiro copper bonds. These defendant had previously discussed with her, showing her specimens of copper. Defendant then said: " He would not advise a lady to invest in mining bonds, and that he would suggest instead that I take New Jersey Steel bonds, offering a bonus of the common stock, 100 per cent bonus of the common stock, said he thought it would be more satisfactory as the company was nearer home and could be seen at any time; also stated that if I wanted to at a later date, I could exchange the steel bonds for El Tiro Copper bonds, but he thought the steel bonds were a better investment for a lady.  *  *  *  Mr. Kurtz said he would give me a bonus of 100 per cent of the common stock. Mr. Meacham afterwards said he thought that was very generous of Mr. Kurtz, because the stock bonus had been cut down to fifty per cent. So that day I took five New Jersey Steel bonds." To pay for these plaintiff sold certain Pennsylvania Railroad stock belonging to her. Plaintiff claims that she bought the steel bonds following defendant's suggestion. Meacham said he was acting as agent for the American Finance and Securities Company in the sale of these bonds, as plaintiff claims, and was asked by her to get them and he promised to deliver them to her which he did. Plaintiff paid for each $1,000 bond the sum of $990 (which included accrued interest), receiving a bonus in common stock equal in amount to the face of the bonds. It is conceded that of these five bonds, four did not belong to the finance company, but were in fact the property of defendant, who received from Meacham the sum of $3,720 therefor out of the proceeds of the sale of plaintiff's stock, so that Meacham retained $240 out of the price paid by plaintiff therefor. In view of the relationship between Meacham and defendant, it is a fair inference that this represented Meacham's

commission on the sale of the four bonds to plaintiff. On cross-examination plaintiff testified variously that defendant "offered one hundred per cent stock bonus," and that there "would be a stock bonus" of the same amount, but her testimony given on direct examination was otherwise not materially altered. Having in view Meacham's relationship to the company fostering all these enterprises, whereof defendant was an official, the closeness of their business interests, the situation of their offices in the same general suite, the disclosure to defendant of plaintiff's purpose to invest (on Meacham's advice) in some of the finance company's flotations (selling good securities to do so), defendant's final advice to plaintiff to invest in the steel company's bonds, and the consummation of the transaction by the sale to plaintiff of four of defendant's own steel bonds (which fact was never disclosed to plaintiff) and the receipt by defendant through Meacham of the purchase price less a deduction apparently for commission, it is a fair inference that Meacham was defendant's agent for the sale of these bonds to plaintiff. Therefore, he would be bound by representations made by his agent to induce the purchase in question. The necessary tenders having been made to justify rescission, a *prima facie* case was made out, and the striking out of Meacham's testimony and the dismissal of plaintiff's complaint at the close of her case were erroneous. It was error, in any event, to have made findings of fact and conclusions of law, as all that the trial court was warranted in doing was to dismiss the complaint. Appellant claims that there should be judgment absolute in her favor, because defendant upon the trial had submitted his case and introduced no testimony, and, therefore, is not entitled to a retrial. But defendant did not rest at the trial before making a motion to dismiss. After the court had granted his motion to strike out all testimony as to the conversations with Meacham, he then moved to dismiss the complaint and this motion was granted. Defendant was not thereby foreclosed from introducing proof in case the dismissal was reversed, but is entitled to a new trial that he may properly present his defense.

The judgment appealed from is reversed and a new trial ordered, with costs to appellant to abide the event. All the

findings of fact and conclusions of law contained in the decision are reversed.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred

Judgment reversed, new trial ordered, costs to appellant to abide event.